FILED
CHARLOTTE, NC
MAR 20 2014
US District Court
Western District of NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL BRIAN HUFFMAN,<br><br>Defendant. | Civil Action No.: 3:12-cv-00072-GCM |

## SUPPLEMENTAL CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST MITCHELL BRIAN HUFFMAN

### I. INTRODUCTION

On February 7, 2012, the U. S. Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint in this civil action against Defendant Mitchell Brian Huffman ("Huffman" or "Defendant"). The Complaint seeks injunctive and other legal and equitable relief for violations of Sections 4b(a)(2)(i)-(iii) of the Commodity Exchange Act ("CEA" or "the Act"), 7 U.S.C. §§ 6b(a)(2)(i)-(iii) (2006) (with respect to conduct before June 18, 2008), Sections 4b(a)(1)(A)-(C), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010 ("WSTAA")), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C)(with respect to conduct occurring on or after June 18,

2008). The Complaint further alleges the Defendant violated Sections 4m(1) and 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6m(1) and 6o(1)(A) and (B) (2006). On May 10, 2012, the Court entered a Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Mitchell Brian Huffman, in which Huffman admitted the legal and factual allegations of the Complaint. *See* Docket No.: 5. ("Consent Order"). The parties have filed a Joint Motion to Enter a Supplemental Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Joint Motion") so that the Court may determine the amount of restitution and civil monetary penalty to be entered against the Defendant. As it appears to the Court that this is a proper case for granting the requested relief to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court grants the Joint Motion and enters this Supplemental Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Mitchell Brian Huffman ("Supplemental Order") as follows:

## II. CONSENTS AND AGREEMENTS

To effect settlement of the all charges alleged in the Complaint against Defendant Mitchell Brian Huffman without a trial on the merits or any further judicial proceedings, Defendant Mitchell Brian Huffman:

1. Consents to the entry of this Supplemental Order;

2. Affirms that he has read and agreed to this Supplemental Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Order;

3. Acknowledges proper service of the summons and Complaint;

4. Admits the jurisdiction of the Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waives:

(a) any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and the rules promulgated by the Commission in conformity therewith, Part 148 of the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 148.1 *et seq.* (2012), relating to, or arising from, this action;

(b) any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-68 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Supplemental Order; and

(d) any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief

within the jurisdiction of the Court, to assure compliance with this Supplemental Order and for any other purpose relevant to this action, even if Defendant now or in the future reside(s) outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Supplemental Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law contained in this Supplemental Order, or creating or tending to create the impression that the Complaint and/or this Supplemental Order is without a factual basis; provided, however, that nothing in this provision shall affect his: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

11. Admits the allegations of the Complaint and the Findings of Fact and Conclusions of Law contained in the Consent Order and this Supplemental Order. Further, Defendant agrees and intends that the allegations of the Complaint and all of the Findings of Fact and Conclusions of Law made by this Court and contained in the Consent Order and this Supplemental Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against the Defendant; (b) any proceeding pursuant to Section 8a of the Act, as amended, 7 U.S.C. § 12a,

and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2012); and/or (c) any proceeding to enforce the terms of this Supplemental Order.

12. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph twenty-one (21) of Part V of this Supplemental Order, of any bankruptcy filed by, on behalf of, or against him, whether inside or outside the United States, and

13. Agrees that no provision of this Supplemental Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against the Defendant in any other proceeding.

## III. FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Supplemental Order and that there is no just reason for delay. The Court therefore directs the entry of the following restitution, civil monetary penalty and equitable relief, pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1, as set forth herein.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS**

**The Parties To This Supplemental Order**

14. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, as amended, 7 U.S.C. §§ 1 et seq., and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 et seq. (2012).

15. Defendant Mitchell Brian Huffman resides in Charlotte, North Carolina. In August, 2011, Huffman pled guilty to one count of commodities fraud, in violation of 18 U.S.C.§ 1348, in *U.S. v. Mitchell Brian Huffman,* Case No.: 3:11-cr-246-RJC, filed in the U.S. District

Court for the Western District of North Carolina. Defendant Mitchell Brian Huffman has never been registered with the Commission in any capacity.

IV.

**RESTITUTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF**

**IT IS FURTHER ORDERED THAT:**

**A. RESTITUTION**

16. The Court finds that the Defendant is obligated to pay restitution to victims of his fraudulent scheme in the concurrent criminal prosecution of the Defendant in *United States v. Mitchell Bran Huffman*, Case Number 3:11-cr-00246 RJC filed in the U.S. District Court of the Western District of North Carolina,. Accordingly, the Court shall not enter a duplicative Restitution Obligation herein.

**B. CIVIL MONETARY PENALTY**

17. The Defendant shall pay a civil monetary penalty in the amount of two million one hundred thousand dollars ($2,100,000) (the "CMP Obligation"). Post judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Supplemental Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Supplemental Order pursuant to 28 U.S.C. § 1961.

18. The Defendant shall pay the CMP Obligation to the CFTC by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures trading Commission and sent to the address below:

    Commodity Futures Trading Commission
    Division of Enforcement
    Attn: Marie Bateman – AMZ-300
    DOT/FAA/MMAC

6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If the payment is to be made by electronic funds transfer, Defendant shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany the payment of the CMP Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, U. S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581.

C. **Partial Payments, and Satisfaction of Judgment**

19. <u>Partial Payments</u>: Any acceptance by the Commission and/or the United States Attorney of the Western District of North Carolina of partial payment of the CMP Obligation shall not be deemed a waiver of the requirement to make further payments pursuant to this Supplemental Order, or a waiver of the Commission's right to compel payment of any remaining balance.

20. <u>Satisfaction of Judgment</u>: Upon termination of the CMP Obligation, satisfaction of judgment will be entered as to Defendant.

## V. MISCELLANEOUS PROVISIONS

21. Notice: All notices required to be given by any provision in this Supplemental Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission/CFTC:

Director. Division of Enforcement

Commodity Futures Trading Commission,
Three Lafayette Centre, 1155 21st Street, NW,
Washington, D.C. 20581

Notice to Defendant Mitchell Brian Huffman:

Steven T. Meier
Meier Law
1401 East Seventh St., Suite 200
Charlotte, NC 28204
704.333.3456
Fax: 704.376.9330
steve@meierlawnc.com

All such notices to the Commission/CFTC shall reference the name and docket number of this action.

22. Change of Address/Phone: Until such time as Defendant satisfies in full his CMP Obligation, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

23. Entire Agreement and Amendments: This Supplemental Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Supplemental Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

24. Invalidation: If any provision of this Supplemental Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

25. Waiver: The failure of any party to this Supplemental Order or of any Participant at any time to require performance of any provision of this Supplemental Order shall in no

29. Defendant understand(s) that the terms of the Supplemental Order are enforceable through contempt proceedings, and that, in any such proceedings he may not challenge the validity of this Supplemental Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant Mitchell Brian Huffman.*

IT IS SO ORDERED on this 20th day of March, 2014.

*Graham C. Mullen*
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:


_[signature]_
Mitchell Brian Huffman

Date: _Aug 10th_, 2012


_[signature]_
Steven T. Meier
Meier Law
1401 East Seventh St., Suite 200
Charlotte, NC 28204
704.333.3456
Fax: 704.376.9330
steve@meierlawnc.com
Attorney for Mitchell Brian Huffman

Date: _12/6/17_, 2012


_[signature]_
Timothy J. Mulreany
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
Commodity Futures Trading Commission,
Three Lafayette Centre, 1155 21st Street, NW,
Washington, D.C. 20581
(202) 418-5306
(202) 418-5124
tmulreany@cftc.gov

Date: _February 20_, 2014

11